# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **TIMOTHY ALLEN STIDHAM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.:** |
| ) | **6:07-CV-1921-VEH** |
| **MICHAEL J. ASTRUE,** ) | |
| **Commissioner of Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

The plaintiff, Timothy Allen Stidham ("Mr. Stidham"), brings this action pursuant to 42 U.S.C. § 1631(c)(3), §1383(c)(3) of the Social Security Act, seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying his application for Disability Insurance Benefits ("DIB"). Mr. Stidham timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to 42 U.S.C. § 405(g). The court finds that the administrative law judge (hereinafter "ALJ") lacked substantial evidence for his decision, and that it should be reversed and remanded for further consideration.

## **FACTUAL AND PROCEDURAL HISTORY**

Mr. Stidham was a 38 year-old male at the time of his hearing before the ALJ. (Tr. 395). He has a tenth grade education. (Tr. 22, 395). He previously worked in a mobile home plant installing exterior sliding. (Tr. 398-99).

Mr. Stidham claims he became disabled on April 1, 2003, due to the following: moderate degenerative disk disease of the lumbar spine, degenerative joint disease of the right knee, history of patellectomy of the right lower extremity, and hypertension. (Tr. 21). His last period of successful work ended on December 6, 2004, due to an on-the-job injury to his knee. (Tr. 22). Mr. Stidham underwent surgery for patellectomy of the right knee on April 29, 2005. (Tr. 139). He received Workman's Compensation through December 23, 2005, in the form of weekly benefits and a lump sum. (Tr. 396). In the event Mr. Stidham is found to be disabled then, he would be insured for Title II disability benefit payments through December 31, 2009. (Tr. 395).

Mr. Stidham filed his application for a period of disability and DIB on December 28, 2005. (Tr. 15). The claim was denied by the Commissioner on April 27, 2006. *Id*. Mr. Stidham filed a timely written request for a hearing on May 10, 2006. *Id*. The hearing was held on March 6, 2007, in Florence, Alabama. *Id*. The ALJ concluded that Mr. Stidham was not disabled and denied his application on April

12, 2007. (Tr. 26). Mr. Stidham timely requested a review of the ALJ's decision on June 7, 2007. (Tr. 7). The Appeals Council denied Mr. Stidham's request for review on August 29, 2007. (Tr. 4). The ALJ's decision thus became the Commissioner's final decision on that date. *Id.*

Mr. Stidham filed a Complaint on October 19, 2007, which asks this court to review the ALJ's decision. (Compl. 2). Mr. Stidham also filed a motion to proceed in forma pauperis on October 19, 2007. (Doc. 2). This court granted the motion to proceed in forma pauperis on October 22, 2007.

## **STANDARD OF REVIEW**

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. The court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* Substantial evidence is "more than

a scintilla, but less than a preponderance." *Id.*

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[1] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)  whether the claimant is currently employed;
(2)  whether the claimant has a severe impairment;

---

[1] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of March 27, 2008.

>   (3) whether the claimant's impairment meets or equals an impairment listed by the Secretary;
>   (4) whether the claimant can perform her past work; and
>   (5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, he will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found that Mr. Stidham has not engaged in substantial gainful activity at any time relevant to this decision. (Tr. 17). He also found that Mr. Stidham had the following "severe" impairments based on the Regulations 20 C.F.R. § 404.1520(c): moderate degenerative disk disease of the lumbar spine, degenerative joint disease of the right knee, history of patellectomy of the right lower extremity, and hypertension. *Id*. The ALJ then determined that the medically determinable

impairments, either alone or in combination, do not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, subpt. P, app. 1 (2007). (Tr. 20).

The ALJ concluded that Mr. Stidham's impairments prevent him from performing past relevant work. (Tr. 25). The ALJ determined that Mr. Stidham retains a residual functioning capacity ("RFC") to perform less than a full range of sedentary work. (Tr. 21). Specifically, the ALJ found that "the claimant can do no lifting over 15 pounds, no work at unprotected heights, no climbing of ropes, ladders, scaffolding, no walking over uneven rough terrain, and no work around dangerous moving machinery." (Tr. 21).

The vocational expert ("VE") testified that in light of the RFC determined by the ALJ and other factors, Mr. Stidham would be able to perform unskilled sedentary jobs such as a rotor assembler, final assembler, and electronic component tester. (Tr. 25). The ALJ then considered Mr. Stidham's age, education, work experience, and RFC. (Tr. 25-26). Based on testimony from the VE, the ALJ determined that a significant number of jobs exist in Alabama and in the national economy that Mr. Stidham can perform. (Tr. 25).

The ALJ concluded that Mr. Stidham was not under a disability at any time through the date of the ALJ's decision and, therefore, was not eligible for DIB under §§ 216(i) and 223(d) of the Social Security Act. (Tr. 27).

## **ANALYSIS**

A court can reverse a finding of the Secretary if it is not supported by substantial evidence. 24 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris,* 615 F.2d 1103, 1106 (5th Cir. 1980)). However, this court is limited in its review of the Commissioner's decision in that the Commissioner's findings must be reviewed with deference. *See Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986)). Mr. Stidham asserts that "the decision of the Commissioner "is not supported by substantial evidence and contains a material error of law." (Doc. 8 at 2). In its review, this court agrees with Mr. Stidham that the ALJ's decision was not supported by substantial evidence and that it is due to be reversed and remanded for further proceedings.

### I. THE ALJ'S DECISION THAT MR. STIDHAM IS NOT DISABLED IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

The credibility of Mr. Stidham's claims of impairments and disabling pain is paramount in deciding whether Mr. Stidham is in fact disabled. The VE testified that the claimant would be considered unable to work if the most recent opinion of Mr.

Stidham's treating physician regarding his subjective complaints of pain were presumed to be credible. (Tr. 411-12). Therefore, the ALJ must evaluate all evidence both objective and subjective to determine if Mr. Stidham is capable of performing work. This court has carefully reviewed the record and finds that the decision of the ALJ must be remanded for further development of the record.

> **A. There is a lack of substantial objective medical evidence to properly evaluate Plaintiff's claims of disabling pain. As a result, the ALJ failed in his duty to develop the record.**

While Mr. Stidham has the burden of proving his disability, the ALJ has a basic obligation to develop a full and fair record. *Cowart v. Schweiker,* 662 F.2d 731, 732 (11th Cir. 1981) (citing *Thorne v. Califano*, 607 F.2d 218, 219 (8th Cir. 1979)). When the ALJ has failed to develop a full and fair record, the court "has required the Secretary to reopen the case 'until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled or not.'" *Thorne*, 607 F.2d at 220 (quoting *Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974)).[2]

A full and fair record not only ensures that the ALJ has fulfilled his "duty... to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts," but it also enables the reviewing court "to determine whether the

---

[2] In *Clemmons v. Astrue*, 06-CV-1058-VEH, *Thorne* was relied upon to find that the ALJ's decision was not based on substantial evidence where there was no medical source statement from the treating physician.

ultimate decision on the merits is rational and supported by substantial evidence." *See Welch v. Bowen,* 854 F.2d 436, 440 (11th Cir. 1988) (internal quotations and citations omitted).

The treating physician, Dr. Goodman, performed a patellectomy of Mr. Stidham's right knee in April 2005. (Tr. 18). On a follow-up visit in August 2005, Dr. Goodman released the claimant for work with the following restrictions: "he could not lift over 15 pounds, and could not do any bending, twisting, crawling, climbing, squatting, or no work above ground level, and he must be able to alternate his position for comfort (sit/stand)." (Tr. 19). In a November 2005 visit, Dr. Goodman completed a Functional Capacity Evaluation ("FCE") that indicated Mr. Stidham was at maximum medical improvement and able to return to work with the restrictions of the FCE. *Id.* In January and February of 2006, the claimant visited Dr. Goodman reporting pain and the giving way of his knee. *Id.* Mr. Stidham was referred to Shoals Orthodotics where he was fitted with a knee ankle foot orthoses to help with the giving way of his knee. *Id.* In April and May 2006, the claimant went to Dr. Goodman because of shooting pain in his right leg. *Id.* Dr. Goodman took x-rays and prescribed medication to Mr. Stidham to help with the pain. *Id.*

In July 2006, Dr. Goodman completed a Physical Capacities Evaluation on Mr. Stidham in which he found that the claimant required a brace for ambulation for his

knee instability. *Id*. During the visit, Dr. Goodman also completed a Clinical Assessment of Pain in which he indicated that Mr. Stidham's pain was present at a level that would be "distracting to the adequate performance of daily activities or work." *Id*. The claimant returned to Dr. Goodman in November 2006 complaining of intense throbbing pain in his right leg. *Id*. Dr. Goodman gave him a shot and instructed him to continue taking his prescription medications. *Id*. The VE testified that "greater than a moderately severe impairment in ability to concentrate and persist" would preclude Mr. Stidham from gainful employment.[3] (Tr. 411). Such a scenario is evidenced by Dr. Goodman's Clinical Assessment of Pain in July 2006.

In addition, the Social Security Administration sent Mr. Stidham to Dr. Harrison for a consultative medical evaluation regarding his alleged disabling pain and dysfunction of the right knee.[4] Dr. Harrison examined the claimant in April 2006 about a year after his surgery on his right knee. (Tr. 19). Dr. Harrison concluded that

---

[3] The Commissioner argues in his brief that Dr. Goodman contradicts himself by finding that physical activity like walking, standing, stooping, or the moving of extremities would cause the claimant to have "some increase but not to such an extent as to prevent adequate functioning in tasks." (Tr. 322). That specific finding is but a factor in Dr. Goodman's overall determination (stated above) regarding the significance of Mr. Stidham's pain in his treatment. *Id.*

[4] *See also* SSR 96-6p (July 2, 1996) "State agency medical and psychological consultants are highly qualified *physicians and psychologists* who are experts in the evaluation of the medical issues in disability claims under the act ... Administrative law judges and the Appeals Council [should] consider their findings of fact about the nature and severity of an individual's impairment(s) as opinions of non-treating physicians and psychologists." (emphasis added.)

in his opinion, "this patient will not be able to return to significant physical employment because of the weakness of the right leg and degenerative changes caused by the patellectomy." (Tr. 307). The ALJ stated that only some weight was given to Dr. Harrison's opinion because although he "only saw the claimant on one occasion and he did not treat the claimant, his opinion is consistent with his findings and with the remaining medical evidence." (Tr. 24). However, the ALJ failed to explain why Dr. Harrison's opinion was found to be consisent with the very medical evidence that the ALJ used to conclude that Mr. Stidham was not disabled when Dr. Harrison found that Mr. Stidham was disabled.

From the evidence on the record, it is unclear whether the claimant's condition has in fact progressed to the point where he is disabled and, thus, unemployable, or whether Mr. Stidham is simply exaggerating his symptoms of pain to qualify for DIB. Dr. Goodman's July 2006 findings and Dr. Harrison's consultative examination indicate that Mr. Stidham is unable to work due to severe pain caused by the degenerative joint disease in his right knee. (Tr. 18-20).

**B. The ALJ's weight explanations and treatment of disabling medical evidence are inadequate.**

Even though the ALJ stated that he gave little weight to Dr. Goodman's July 2006 opinion and Dr. Harrison's consultative examination, the reasons given were

inadequate, and are not substantially supported by the evidence. The ALJ stated that he gave Dr. Goodman's July 2006 opinion little weight because he thought it was "completed to assist the claimant in his quest to obatin Social Security disability benefits and it did not represent the claimant's medically determinable limitations and restrictions." (Tr. 24).

This court is troubled by the rationale of the ALJ in excluding Dr. Goodman's findings from Mr. Stidham's July 2006 visit but accepting the physician's findings from the claimant's earlier visits, especially in light of the fact that the claimant suffers from a degenerative disease that is likely to worsen over time. In choosing to discredit or give a treating physician's opinion little or no weight, the ALJ must give a "good cause" for doing so.[5] The ALJ's stated reason for discrediting Dr. Goodman's July 2006 findings does not qualify qualifies as a "good cause," especially, as here, in the context of a claimant with a degenerative condition.[6]

---

[5] The opinion of a treating physician as to the plaintiff's condition and the medical consequences thereof is entitled to deference, absent good cause. *See* 20 C.F.R. §§ 404.1527, 416.927 (1998); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440).

[6] The government has not cited nor has this court been able to independently find any controlling authority which establishes good cause or lack thereof under circumstances similar to this case.

Logically, substantial evidence regarding a degenerative condition should be recent in time in order to show that the condition has not in fact worsened. With the exception of Dr. Goodman's determinations regarding the claimant's limitations prior to July 2006, no medical opinion supports a finding that Mr. Stidham is not disabled. It is plausible that Mr. Stidham's condition simply worsened over time,[7] explaining why Dr. Goodman previously released the claimant for work in his earlier visits following surgery. The evidence is not sufficiently clear to make a fair determination as to whether the claimant is presently disabled or not. The record needs to be developed more to determine if the claimant is in fact disabled within the meaning of DIB.

Dr. Harrison's examination of Mr. Stidham a few months before Dr. Goodman's July 2006 opinion substantiated Dr. Goodman's findings of disabling pain relating to the claimant's right knee. "Generally, the more consistent an opinion is with the record as a whole, the more weight [that opinion shall be accorded]." 20 C.F.R. § 404.1527(d)(4). In further developing the record, it may become clear that Dr. Harrison's opinion and Dr. Goodman's July 2006 findings merit little weight because, for example, further examination of Mr. Stidham may objectively show that

---

[7] In April 2006, Dr. Goodman noted from an x-ray evaluation that "two views of the knee reveal moderate degenerative changes over the medial joint line." (Tr. 324). Such findings could be considered objective medical evidence that Mr. Stidham's knee condition has worsened.

his condition has not worsened. However, the court cannot confirm such a conclusion based on the record before it at this time.[8]

Furthermore, the ALJ must "take into account and evaluate the record as a whole." *McCruter v. Bowens* 791 F.2d 1544, 1548 (11th Cir. 1986). "It is not enough to discover a piece of evidence which supports the decision, but to disregard other contrary evidence." *Id.* The ALJ's opinion is materially deficient in this respect. Without any adequate explanation, he has chosen to accept Dr. Goodman's findings that are favorable to a finding of not disabled and exclude those findings of Drs. Goodman and Harrison that support claimant's allegation of disability.

### C. The ALJ did not properly discredit Mr. Stidham's subjective complaints of pain by merely referencing his minimal daily activities.

The ALJ found that Mr. Stidham suffers from an underlying medical condition, even stating that "the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms." (Tr. 23). The ALJ relies heavily on Dr. Goodman's functional assessments prior to July 2006 and evidence of Mr. Stidham's daily activities to discredit "claimant's statements concerning the

---

[8]This is especially true given the government's concession that Mr. Stidham meets all but one of the requirements of meeting or equaling a listed impairment under part 3 of the 5 part test. If Mr. Stidham had met this last criteria, then he would have been disabled without having to consider his subjective complaints about pain.

intensity, persistence and limiting effects of these symptoms." (Tr. 11-14). He found that "the claimant has described daily activities which are not limited to the extent one would expect given his complaints of disabling symptoms and limitations." *Id*. However, none of these reasons provide substantial evidence for the ALJ's decision.

It is well established that minimal daily activities do not disqualify a claimant from disability and do not establish that a claimant can perform sedentary work. *Lewis v.Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997); *see also Bennett v. Barnhart*, 288 F. Supp. 2d 1246, 1252 (N.D. Ala. 2003) (stating that "disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity"). The ALJ asserted that Mr. Stidham's daily activities consisted of the following:

> able to drive in order to perform some occasional errands, go to the doctor, or go to his mother's house, take care of his personal needs such as bathing, grooming, or dressing on a regular basis, play games with his kids, wash dishes, do some cooking, watch television, sit and talk on the telephone, visit with family and friends at least twice a week, and do some reading.

(Tr. 23). Such activities could be considered minimal, especially in light of Mr. Stidham's accommodations in completing these activities. For example, he requires the use of a shower chair so that he can sit and bath himself and, also, uses a crutch to walk. (Tr. 76, 81).

15

The Eleventh Circuit has recognized that a credibility finding is within the "province of the ALJ." *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005). However, if an ALJ discredits a claimant's testimony regarding the severity of his or her symptoms, the ALJ must "articulate explicit and adequate reasons" for doing so. *Foote*, 67 F.3d at 1561-62. In the instant case, the ALJ's reasoning for disregarding Mr. Stidham's testimony was explicit but not adequate according to law of the Eleventh Circuit.[9]

Considering Dr. Goodman's July 2006 examination and Dr. Harrison's opinion, the court is hard pressed to sustain the ALJ's decision on evidence of Mr. Stidham's daily activities and earlier findings (not the most recent) of his treating physician where the claimant's condition is degenerative.

In conclusion, the medical opinions presented to and considered by the ALJ do not provide substantial evidence for a 'not disabled' determination to be made. Further development of the record is needed to ascertain whether Mr. Stidham is in fact disabled or not. For these reasons, the ALJ's decision that Mr. Stidham is

---

[9] "[t]he ALJ cannot reject the claimant's statements as to the intensity and persistence of her symptoms *solely* because they are not substantiated by objective medical evidence." *May v.Commissioner of Social Security Admin.*, 226 Fed. Appx. 955, 959 (11th Cir. 2007) (per curiam) (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)) (emphasis added).

not disabled is not supported by substantial evidence.[10]

## CONCLUSION

The court concludes that the ALJ's determination that Mr. Stidham is not disabled is not supported by substantial evidence. The Commissioner's final decision is therefore due to be reversed and remanded for futher development of the record.[11] A separate order in accordance with the memorandum opinion will be entered.

**DONE** and **ORDERED** this the 30th day of June, 2008.

                                                */s/ Virginia Emerson Hopkins*
                                                **VIRGINIA EMERSON HOPKINS**
                                                United States District Judge

---

[10] Because the court reverses on the duty to develop the record and other issues, it does not reach the claimant's medical listing or improper legal standard argument.

[11] The fourth sentence of 42 U.S.C. 405(g) states "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."